**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                                                No. CV 13-1144 MCA/KBM
                                                                 CR 07-2236 MCA

VICENTE A. MONTES,

     Defendant.


<u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

     This matter comes before the Court, *sua sponte* under rules 4(b) and 11(a) of the Rules Governing Section 2255 Proceedings, on Defendant's Motion Seeking Habeas Corpus Relief Under 28 U.S.C. § 2255(f)(3) (CV Doc. 1; CR Doc. 108) filed on December 2, 2013.   The Court will dismiss the § 2255 motion as untimely.

     Defendant's § 2255 motion faces the hurdle of the one-year limitations period in § 2255. *See* § 2255(f).   On October 15, 2009, this Court entered judgment (CR Doc. 89), and on October 29, 2010, the Court of Appeals for the Tenth Circuit affirmed this Court's denial of Defendant's motion to suppress (CR Doc. 106).   Defendant did not seek certiorari review, and thus his conviction became final ninety days later, in January, 2011.   *See Clay v. United States*, 537 U.S. 522, 525 (2003).   Defendant filed the current motion nearly three years after his conviction became final.

     Typically, the Court raises the time bar to a § 2255 motion *sua sponte* and allows the defendant an opportunity to respond.   Here, however, Defendant's motion expressly addresses the timeliness issue, based on the terms of § 2255(f)(3).   This subsection starts a new one-year limitations period where a Supreme Court decision--issued after a defendant's conviction--initially

and retroactively recognizes the right that the defendant asserts under § 2255.

Defendant relies on the Supreme Court's recent ruling in *Descamps v. United States*, 133 S. Ct. 2276 (2013), that "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements."   *Id.* at 2282.   Defendant asserts that the decision in *Descamps* recognized as a new right his claim that his prior convictions were improperly characterized as violent felonies.   He argues that, under the terms of § 2255(f)(3), *Descamps* re-started the one-year limitations period in § 2255.   As a result, the limitations period for his motion allegedly accrued when the Court decided *Descamps* on June 20, 2013.

Defendant's timeliness argument fails on both of the requirements in § 2255(f)(3).   The statute allows restarting of the limitation period only if the Supreme Court's recognition of a right amounts to a "[n]ew substantive rule[]," *Schriro v. Summerlin,* 542 U.S. 348, 350 (2004), and the new right is "made retroactively applicable to cases on collateral review."   § 2255(f)(3). "*Descamps* concerns a matter of statutory interpretation as to whether a certain crime qualifies as a violent felony under the ACCA, and it did not announce a new rule of constitutional law."   *United States v. Glover,* Nos. 05-CR-0111-CVE, 13-CV-0472-CVE-FHM, 2013 WL 4097915, at *3 (N.D. Okla., Aug. 13, 2013), *quoted in Glover v. Fox*, --- F. App'x ----, 2013 WL 6645425, at *2 (10th Cir. Dec. 18, 2013).   Because *Descamps* did not announce a new substantive rule, the Court need not address the retroactivity question.   *And see Strickland v. English,* No. 5:13–cv–248–RS– EMT, 2013 WL 4502302, at * 8 (N.D. Fla. Aug. 22, 2013) ("The Supreme Court has not declared its decision in *Descamps* to be retroactively applicable on collateral review.")   The *Descamps* decision does not satisfy the criteria in § 2255(f)(3), and thus Defendant did not gain additional time to file his § 2255 motion.   His claims under § 2255 are subject to the original limitations

period that accrued when his conviction became final in 2010.  Defendant failed to raise his claims timely, and the Court will dismiss the § 2255 motion.

Furthermore, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, the Court determines that Defendant has failed to make a substantial showing that he has been denied a constitutional right.   The Court will therefore deny a certificate of appealability.

IT IS THEREFORE ORDERED that Defendant's Motion Seeking Habeas Corpus Relief Under 28 U.S.C. § 2255(f)(3) (CV Doc. 1; CR Doc. 108) filed on December 2, 2013, is DISMISSED as untimely filed; a certificate of appealability is DENIED; and judgment will be entered.

UNITED STATES DISTRICT JUDGE

3